# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT GOLDBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP; HSBC BANK USA, N.A.,<br><br>    Defendants. | CASE NO. 13cv0036 JM(BLM)<br><br>ORDER DENYING MOTION TO DISMISS BREACH OF CONTRACT CLAIM; GRANTING MOTION TO DISMISS REMAINDER OF STATE LAW CLAIMS; GRANTING LEAVE TO AMEND |

Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP, ("BAC") and HSBC Bank USA, N.A. ("HSBC") move to dismiss all claims asserted in the Second Amended Complaint ("SAC"). Plaintiff Bennett Goldberg opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss the breach of contract claim, grants the motion to dismiss the remainder of the state law claims, and grants Plaintiff ten days leave to amend from the date of entry of this order.

## BACKGROUND

On January 8, 2013, Defendants removed this diversity action from the Superior County for the County of San Diego. The SAC, filed on June 12, 2013, alleges five causes of action for breach of contract, promissory estoppel, fraud, negligent

misrepresentation, and declaratory relief.

Plaintiff's claims relate to a June 2004 two-year adjustable rate mortgage in the amount of $400,000 originally obtained from Countrywide Mortgage and subsequently refinanced through Wilshire Mortgage Corporation ("WMC"). (SAC ¶9). In 2007 Plaintiff's home was severely damaged by the Witch Creek Fire. At that time, WMC informed Plaintiff that he should not make any more payments on the loan "due to the federal government's financial relief program for fire disaster victims." (SAC ¶10). In October 2009, Plaintiff was informed that he did not qualify for federal disaster relief because he had returned to live in the home. (SAC ¶12).

In early 2010, Plaintiff received notice that the servicing of the loan was transferred to BAC. (SAC ¶13). Plaintiff was allegedly unable to obtain information about the status of his mortgage and, on August 23, 2010, Plaintiff commenced an action against BAC in state court alleging, among other things, claims for fraud, negligence and violations of various lending statutes. (SAC ¶16).

On March 27, 2011, Plaintiff signed the First Mutual Settlement Agreement requiring Plaintiff to (1) dismiss the state court action, (2) vacate the property, (3) leave the property in "broom clean" condition, (4) pay and maintain all utilities until Plaintiff vacated the premises, and (5) execute a deed transferring Plaintiff's interest in the property to HSBC. (SAC ¶17). In return, HSBC and BAC were to pay Plaintiff $2,500 within five days after he vacated the property. (SAC ¶18).

In May 2011, allegedly concerned that there were additional liens on the property, the parties entered into a Second Mutual Settlement Agreement ("SMSA"). This agreement added one additional condition providing that "HSBC shall have the option of either accepting a deed from GOLDBERGS or proceeding with foreclosure on the PROPERTY." (SAC ¶21). Knowing that there were no additional loans on the property, Plaintiff executed the SMSA on May 21, 2011 and, on May 23, 2011, Plaintiff

"sent to Defendants a quit claim deed." (SAC ¶23).[1] The SMSA also contained a time is of the essence provision. (SAC ¶22). By July 14, 2011, Defendants provided Plaintiff with two checks totaling $2,500. (SAC ¶24). Plaintiff believed that he had complied with all the terms of the SMSA. (SAC ¶25)

At the heart of Plaintiff's claim is the allegation that BAC and HSBC have continued to report to credit reporting agencies that Plaintiff is in default on his mortgage. (SAC ¶26). In August 2012, "one year after accepting the Quit Claim Deed," Plaintiff learned that Defendants intended to foreclose on the property. On November 12, 2012, Defendants filed a Notice of Rescission of a Trustee's Deed Upon Sale. (Defendants RJN Exh. L).

On March 11, 2013, the court granted Defendants' motion to dismiss the original complaint and granted Plaintiff leave to amend. (Ct. Dkt. 11). On May 30, 2013, the court granted in part and denied in part the motion to dismiss the First Amended Complaint and granted leave to amend. (Ct. Dkt. 17). Defendants now move to dismiss all claims alleged in the SAC.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 566 U.S. 662 (2009)

---

[1] The court highlights that the Quit Claim Deed allegedly sent by Plaintiff to Defendants on May 23, 2011, (SAC ¶23), was executed by Plaintiff on March 30, 2011. (FAC Exh. 3).

(under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

### The Breach of Contract Claim

At the outset, the court notes the breach of contract claim is premised upon breach of the Second Mutual Settlement Agreement, and not the original agreement. The elements for a breach of contract claim are: (1) existence of a contract; (2) performance of all conditions on the claimant's part or the claimant's excuse for nonperformance; (3) breach by the defendant; and (4) resulting damage to the claimant. See Reichert v. General Ins. Co., 68 Cal.2d 822, 830 (1968).

Plaintiff alleges that the parties entered into the SMSA, Plaintiff performed all obligations, Defendants breached its obligations by failing to timely exercise the option to either record the Quit Claim Deed or to foreclose, and that Plaintiff suffered

damages. (SAC ¶¶28-32). Defendants contend that Plaintiff fails to adequately allege the third and fourth elements.

It is well-established that a contract, in the absence of a specified date or a time is of the essence provision, must be performed within a reasonable time. See Leiter v. Hadelsman, 125 Cal.App.2d 243, 250 (1954). "The degree to which time is of the essence and what constitutes timely performance under a contract must be construed from all of the terms of the agreement." Baypoint Mortgage Corp. v. Crest Premium Real Estate et., 168 Cal.App.3d 818, 825-27 (1985). Here, the court concludes, even in the absence of the time-essence provision, that whether Defendants acted timely to exercise their option presents a question of fact, not properly resolved on a motion to dismiss. See Consolidated World Inv. v. Lido Preferred Ltd, 9 Cal.App.4th 373, 381 (1992). In Consolidated, the court noted that "[w]here no time limit is specified for the performance of an act, a reasonable time is allowed." Id. However, "what constitutes a 'reasonable time' for performance is a question of fact." Id. (quoting Henry v. Sharma, 154 Cal.App.3d 665, 672 (1984). Accordingly, the SAC adequately pleads a breach of the SMSA by Defendants.[2]

Next, Defendants argue that Plaintiff has not adequately pled damages. Here, even if Plaintiff may be challenged to establish damages, pursuant to Fed.R.Civ.P. 8, the complaint adequately alleges damages at the pleading stage. (SAC ¶¶27, 32). The issue of damage presents a question of fact. See Colvig v. RKO General, Inc., 232 Cal.App.2d 56, 68-69 (1965).

In sum, the court denies the motion to dismiss the breach of contract claim.

The Promissory Estoppel Claim

"If the promisee's performance was requested at the time the promisor made his or her promise and that performance was bargained for, the doctrine of promissory

---

[2] The court also rejects Defendants' argument that Plaintiff waived timely enforcement of the SMSA. Whether Plaintiff waived this right presents a question of fact not properly addressed on this motion to dismiss. See Boyd v. A.E.J. Chivers Co., 134 Cal.App. 566, 569 (1933) ("It will be conceded that a waiver is a question of fact to be considered under all the evidence.").

estoppel is inapplicable and the law of consideration applies." Raedeke v. Gibraltar Sav. & Loan Assn., 10 Cal. 3d 665, 672 (1974) (quoting Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 249 (1969). The doctrine of promissory estoppel "employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." Id. Here, the SMSA is supported by adequate consideration without application of the doctrine of promissory estoppel. Plaintiff alleges that he (1) dismissed the state court action, (2) vacated the property, (3) left the property in "broom clean" condition, (4) paid and maintained all utilities until Plaintiff vacated the premises, and (5) executed a deed transferring Plaintiff's interest in the property to HSBC. (SAC ¶17). In return, HSBC and BAC were to pay Plaintiff $2,500 within five days after he vacated the property. (SAC ¶18). The SMSA was supported by adequate consideration and the doctrine of promissory estoppel does not apply under the circumstances.[3] Resolution of this case simply does not turn on resolution of equitable principles. Id at 674.

In sum, the court grants the motion to dismiss the promissory estoppel claim.

### The Fraud and Negligent Misrepresentation Claims

Claims that sound in fraud must comply with the particularity requirements of Fed.R.Civ.P. 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). The particularity requirements of Rule 9(b) require Plaintiff to plead the "who, what, when, where, and how" of the fraudulent activity. Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994); Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Under this standard, both claims are inadequately pled.

The SAC simply fails to allege the basic essentials of fraud-based claims. Plaintiff does not identify the precise alleged misrepresentation, who made the statements, when the statements were made, the authority of the individual allegedly

---

[3] Whether the oral condition applies under the circumstances depends on the applicability of the parol evidence rule, discussed in an earlier order of the court. (Ct. Dkt. 17).

making the representation, and the circumstances attendant to the misrepresentations. The heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985).

In sum, the court grants the motion to dismiss the fraud and negligent misrepresentation claims.[4]

**Leave to Amend**

Plaintiff requests leave to amend. In light of the liberal amendment policy of Fed.R.Civ.P. 15(a), the court grants Plaintiff ten days leave to file an amended complaint from the date of entry of this order. The court also advises Plaintiff that the failure to state a claim in a fourth complaint will likely result in the dismissal of those claims with prejudice.

In sum, the court denies the motion to dismiss the breach of contract claim, grants the motion to dismiss the remainder of the claims asserted in the SAC, and grants Plaintiff ten days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: August 21, 2013

JEFFREY T. MILLER
United States District Judge

cc:   All parties

---

[4] The court does not consider the declaratory relief claim a separate cause of action. See Progeny Ventures, Inc. v. Wesberg Union Fin. Servs., Inc., 752 F.Supp.2d 1127, 1135 (C.D. Cal.2010) ("[D]eclaratory relief is a remedy and not a cause of action[.]"); Sullivan v. JP Morgan Chase Bank, NA, 725 F.Supp.2d 1087, 1099 (E.D. Cal.2010) ("Under federal law, an injunction is a remedy, not a claim in and of itself. Similarly, under California law, an injunction is a remedy, not a cause of action." (citations omitted)).