UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT GOLDBERG,<br><br>                Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP; HSBC BANK USA, N.A.; NATIONSTAR MORTGAGE LLC,<br><br>                Defendants. | CASE NO. 13cv0036 JM(BLM)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE; DENYING LEAVE TO AMEND |

Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP, ("BAC"), HSBC Bank USA, N.A. ("HSBC"), and Nationstar Mortgage LLC ("Nationstar") move to dismiss all but the breach of contract claim asserted in the Third Amended Complaint ("TAC") and to strike the second and third causes of action. Plaintiff Bennett Goldberg opposes both motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants in part and denies in part the motion to dismiss, denies the motion to strike, and denies leave to amend. Defendants are instructed to file a responsive pleading within ten days of entry of this order.

**BACKGROUND**

On January 8, 2013, Defendants removed this diversity action from the Superior County for the County of San Diego. The TAC, filed on August 30, 2013, alleges three

causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and for declaratory relief.

Plaintiff's claims relate to a June 2004 two-year adjustable rate mortgage in the amount of $400,000 originally obtained from Countrywide Mortgage and subsequently refinanced through Wilshire Mortgage Corporation ("WMC"). (TAC ¶9). In 2007 Plaintiff's home was severely damaged by the Witch Creek Fire. At that time, WMC informed Plaintiff that he should not make any more payments on the loan "due to the federal government's financial relief program for fire disaster victims." (TAC ¶10). In October 2009, Plaintiff was informed that he did not qualify for federal disaster relief because he had returned to live in the home. (TAC ¶12).

In early 2010, Plaintiff received notice that the servicing of the loan was transferred to BAC. (TAC ¶13). Plaintiff was allegedly unable to obtain information about the status of his mortgage and, on August 23, 2010, Plaintiff commenced an action against BAC in state court alleging, among other things, claims for fraud, negligence and violations of various lending statutes. (TAC ¶16).

On March 27, 2011, Plaintiff signed the First Mutual Settlement Agreement requiring Plaintiff to (1) dismiss the state court action, (2) vacate the property, (3) leave the property in "broom clean" condition, (4) pay and maintain all utilities until Plaintiff vacated the premises, and (5) execute a deed transferring Plaintiff's interest in the property to HSBC. (TAC ¶17). In return, HSBC and BAC were to pay Plaintiff $2,500 within five days after he vacated the property. (TAC ¶18).

In May 2011, allegedly concerned that there were additional liens on the property, the parties entered into a Second Mutual Settlement Agreement ("SMSA"). (TAC ¶20). This agreement added one additional condition providing that "HSBC shall have the option of either accepting a deed from GOLDBERGS or proceeding with foreclosure on the PROPERTY." (TAC ¶21). On or about April 4, 2011, Defendants' counsel, Barry Coleman, represented to Plaintiff's counsel that the additional condition "was inserted so that HSBC could foreclose only if there were any unknown junior

liens on the Subject Property." Id. Knowing that there were no additional liens on the property, Plaintiff executed the SMSA on May 21, 2011 and, on May 23, 2011, Plaintiff "sent to Defendants a quit claim deed." (TAC ¶23).[1] The SMSA also contained a time is of the essence provision. (TAC ¶22). By July 14, 2011, Defendants provided Plaintiff with two checks totaling $2,500. (TAC ¶24). Plaintiff believed that he had complied with all the terms of the SMSA. (TAC ¶25)

At the heart of Plaintiff's claim is the allegation that BAC and HSBC have continued to report to credit reporting agencies that Plaintiff is in default on his mortgage. (TAC ¶26). In August 2012, "one year after accepting the Quit Claim Deed," Plaintiff learned that Defendants intended to foreclose on the property. On November 12, 2012, Defendants filed a Notice of Rescission of a Trustee's Deed Upon Sale. (Defendants RJN Exh. L).

On March 11, 2013, the court granted Defendants' motion to dismiss the original complaint and granted Plaintiff leave to amend. (Ct. Dkt. 11). On May 30, 2013, the court granted in part and denied in part the motion to dismiss the First Amended Complaint and granted leave to amend. (Ct. Dkt. 17). On August 21, 2013, the court granted in part and denied in part the motion to dismiss the Second Amended Complaint. (Ct. Dkt. 24). Defendants now move to dismiss or strike all claims alleged in the TAC.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should

---

[1] The court highlights that the Quit Claim Deed allegedly sent by Plaintiff to Defendants on May 23, 2011, (SAC ¶23), was executed by Plaintiff on March 30, 2011. (FAC Exh. 3).

dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 566 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

Defendants argue that the entire TAC must be dismissed because Plaintiff failed to join a necessary and indispensable party. Defendants argue that the loan agreement was entered into by both Plaintiff and Yvette Goldberg, the Deed of Trust identifies both Plaintiff and Yvette Goldberg as trustors who took title to the property as joint tenants, and the SMSA was entered into by both Goldbergs. Plaintiff responds that his former spouse assigned to him all rights to bring the present action.

In light of Plaintiff's representation that the claims were assigned to Plaintiff by his former spouse, the limited role of pleadings in federal court, and the TAC's allegations, the court concludes that Defendants are sufficiently informed to conduct adequate discovery. Accordingly, the court denies this portion of Defendants' motion to dismiss.

<u>The Breach of Implied Covenant of Good Faith and Fair Dealing Claim</u>

To establish a breach of covenant of good faith and fair dealing claim, Plaintiff must allege (1) the existence of a contractual relationship; (2) implied duty; (3) breach; and (4) causation of damages. <u>Smith v. City and County of San Francisco</u>, 225 Cal.App.3e 38, 49 (1990). "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." <u>Guz v. Bechtel Nat. Inc.</u>, 24 Cal.4th 317, 349 (2000). Outside of the insurance context, liability for breach of the implied covenant of good faith and fair dealing sounds solely in contract, not in tort. <u>Cates Construction Inc. v. Talbot Partners</u>, 21 Cal.4th 28, 43-44 (1999). Consequently, compensation for breach of the implied covenant is "limited to contract rather than tort remedies." <u>Id.</u> at 43.

Defendants move to dismiss this claim for two reasons. First, Defendants argue that the addition of this claim in the TAC exceeded the scope of this court's August 2013 order granting leave to amend. The court rejects this argument because, pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be freely given to assert new or modified claims. Second, Defendants correctly argue that this claim cannot proceed with tort remedies. As set forth in <u>Cates</u>, this claim may proceed with contract remedies, not tort remedies.

In sum, the court grants the motion to the extent Plaintiff seeks tort remedies, but denies the motion to the extent Plaintiff seeks contract remedies. While Plaintiff requests leave to amend this claim, the court denies the motion. Plaintiff has already filed four different complaints and has yet to state a claim affording tort remedies. As

there appears to be no circumstances under which Plaintiff can state a claim, the court denies leave to amend.

<u>The Declaratory Relief Claim</u>

Defendants argue that the declaratory relief claim is an additional remedy, and not a separate claim. <u>See</u> 2011 WL 5975821, at *9 (S.D. Cal. Nov. 29, 2011). "A declaratory judgment is not a theory of recovery," but a remedy. <u>Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.</u>, 41 F.3d 764, 775 (1st Cir. 1994); <u>Progeny Ventures, Inc. v. Western Union Fin. Servs., Inc.</u>, 752 F.Supp.2d 1127, 1135 (C.D. Cal.2010) ("[D]eclaratory relief is a remedy and not a cause of action[.]"); <u>Sullivan v. JP Morgan Chase Bank, NA</u>, 725 F.Supp.2d 1087, 1099 (E.D. Cal.2010) ("Under federal law, an injunction is a remedy, not a claim in and of itself. Similarly, under California law, an injunction is a remedy, not a cause of action." (citations omitted)).

The court notes that this court maintains the power to declare and adjudicate the rights and legal relationship of the parties with respect to the alleged breach of the SMSA. Accordingly, the court dismisses the declaratory relief claim as a separate and distinct claim but notes that it retains the power to provide Plaintiff complete relief.

**The Motion to Strike**

Defendants argue that the second and third causes of action in the TAC should be stricken because Plaintiff did not seek leave to amend to assert the implied covenant claim nor to add Nationstar as a defendant. The court denies this motion.

Rule 12(f) provides that "the court may strike from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored. <u>Stabilisierundfonds Fur Wein v. Kaiser</u>, 647 F.2d 200, 201 (D.C.Cir.1981). The court notes that Plaintiff was granted leave to amend to add, delete, or modify, claims and parties. In light of the liberal federal pleading requirements, the court denies the motion.

In sum, the court denies in part and grants in part the motion to dismiss. The court dismisses the breach of the implied covenant claim to the extent Plaintiff seeks

tort, and not contract remedies and dismisses the claim for declaratory relief. The court denies the motion for leave to amend as Plaintiff has already had four opportunities to state viable claims.

**IT IS SO ORDERED.**

DATED: October 29, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties